UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CARLOS JAVIER MARULANDA,

    Petitioner,

vs.                                      Case No.   5:11-cv-503-Oc-99TBS

WARDEN, FCC COLEMAN-USP 1,

    Respondent.
_____

## OPINION AND ORDER

### I.

Petitioner Carlos J. Marulanda ("Petitioner"), who is incarcerated within the Federal Bureau of Prison ("BOP") at FCC Coleman, initiated this action by filing a *pro se* Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241 (Doc. #1, "Petition") on August 29, 2011. The Petition challenges the BOP's enforcement of a court-ordered fine that Petitioner contends has expired. See generally Petition. More specifically, Petitioner contends that the 20-year period provided by statute to enforce the fine has expired. Id. As relief, Petitioner seeks that the Court order the BOP to release him from his obligation to pay the fine. Id. at 6.

Respondent filed a Response to the Petition (Doc. #7, Response) seeking dismissal of the instant Petition on the basis that the relief Petitioner seeks is not available via a petition for habeas corpus. Response at 2. In the alternative, Respondent submits that the 20-year time period provided by statute has not expired because Petitioner's July 18, 1990 sentence was vacated and

he was re-sentenced on February 7, 1994. Id. at 3. Respondent submits exhibits in support of the Response (Exhs. 1-4). Petitioner filed a reply to the Response (Doc. #9, Reply). In his Reply, Petitioner argues that he is not challenging the validity of the fine, but instead is challenging the BOP's ability to enforce the fine. See generally Reply.

II.

Petitioner was originally indicted in 1989 and convicted in 1990 by the United States District Court of Arizona of Conspiracy to Distribute Cocaine and Conspiracy to Import Cocaine in case number cr-89-359-01-PHX-CLH. Exh. 2 (Doc. #7-1 at 10)(hereinafter "the 1990 conviction"). The court sentenced Petitioner to 360 months incarceration, followed by five years supervised release, and imposed a $200,000 fine. Id. On August 18, 1992, the Ninth Circuit Court of Appeals reversed Petitioner's 1990 conviction.

Subsequently, on August 26, 1992, the grand jury returned an indictment charging Petitioner with Conspiracy to Distribute Cocaine and Conspiracy to Import Cocaine in case number cr-92-340-RCB. Petitioner entered a not guilty plea and proceeded to a jury trial. In November 1993, the jury returned a guilty verdict. On February 7, 1994, the Arizona District Court sentenced Petitioner to 360 months incarceration, followed by a 60-month term of supervised release, and a $200,000 fine. Exh. 3 (Doc. #7-1 at 12-13)(hereinafter "the 1994 conviction"). On July 18, 1995, the

Ninth Circuit affirmed Petitioner's conviction. Thus, Petitioner is currently incarcerated in connection with his 1994 conviction. Exh. 1.

### III.

Petitioner filed the instant Petition challenging the BOP's enforcement of the $200,000 restitution order on the basis that the fine has expired because it relates back to his 1989 conviction, which was subsequently vacated. See generally Petition. Respondent contends that the issue of whether the statute of limitations to enforce the restitution order has expired is neither an attack on the execution or duration of Petitioner's current sentence, nor the fact of the conviction for which Petitioner is currently incarcerated. Response at 2. Petitioner argues that he is challenging the BOP's execution upon the fine that is part of his sentence because the fine is expired under federal law. Reply at 2.

The Court agrees that to the extent that Petitioner is challenging the validity of the fine, relief is not available under § 2241. 28 U.S.C. § 2241(c)(1); Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1329-30 (11th Cir. 2010). The Eleventh Circuit in Arnaiz made clear that the purposes of habeas corpus "remains tied to some form of relief from the petitioner's custody." Id. (citing Preiser v. Rodriguez, 4111 U.S. 475, 484-85 (1973)). In

pertinent part, the Court determined that habeas relief was not available to Arnaiz because:

> a successful challenge to the restitution part of his sentence would, in no way, provide relief for the physical confinement supplying the custody necessary for federal habeas jurisdiction.

Id. at 1329. See also, Stewart v. Fed. Bureau of Prisons, 378 F. App'x 872, 873 (11th Cir. 2010)(reaffirming that the court lacks jurisdiction to grant habeas relief unless relief affects physical confinement which supplies the necessary custody requirement). Consequently, Petitioner cannot show an entitlement to relief under § 2241.

Assuming *arguendo* that the Petition can be construed as challenging the BOP's execution of the fine portion of his sentence, Young v. Augustine, Case No. 5:11-cv-396-MMP-EMT, 2012 WL 6955480 *4 (N.D. Fla. 2012), the Petition is without merit. Petitioner is not in custody on his 1990 conviction, but instead is in custody on his 1994 judgment of conviction. Exh. 1. "[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence-including any enhancements-has been wholly nullified and the slate wiped clean." U.S. v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996)(internal quotations and citations omitted). The Order sentencing Petitioner on his 1994 conviction was entered on February 7, 1994. Exh. 3.

Under the version of Title 18 U.S.C. § 3613, which was in effect at the time of Petitioner's 1994 sentencing, a lien arising

from a final judgment "becomes enforceable and liability to pay a fine expires - (1) twenty years after entry of the judgment; or (2) upon the death of the individual fined." 18 U.S.C. § 3613(b)(1994).[1] Consequently, the applicable federal limitations period starts to run from February 7, 1994; and, thus the fine is not time barred.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED**; or, in the alternative, **DENIED** on the merits.

2. The Clerk shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Orlando, Florida, on this ___5___ day of February, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

---

[1]The Mandatory Victims Restitution Act of 1996 amended section 3613 and now provides:

> Termination of liability- The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.

18 U.S.C. § 3613(b)(emphasis added).